UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDALL ROSSBACH,

    Plaintiff,                                                Case No. 16-13912

v.                                                           Paul D. Borman
                                                              United States District Judge

COMMISSIONER OF                             Anthony P. Patti
SOCIAL SECURITY,                               United States Magistrate Judge

                Defendant.
_____/

OPINION AND ORDER (1) ADOPTING THE MAGISTRATE JUDGE'S
FEBRUARY 6, 2018 REPORT AND RECOMMENDATION (ECF NO. 21),
(2) OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 22)
(3) DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT (ECF NO. 17),
(4) GRANTING THE DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT (ECF NO. 19), AND
(5) AFFIRMING THE DECISION OF THE COMMISSIONER

On February 6, 2018, Magistrate Judge Anthony P. Patti issued a Report and Recommendation to Deny Plaintiff's Motion for Summary Judgment and Grant Defendant's Motion for Summary Judgment, and affirm the findings of the Commissioner. (ECF No. 21, Report and Recommendation "R&R".) On February 21, 2018, Plaintiff filed Objections to the Report and Recommendation. (ECF No. 22.) Defendant filed a Response to Plaintiff's Objections. (ECF No. 23.) Having conducted a *de novo* review, pursuant to 28 U.S.C. § 636(b)(1), of those parts of the Magistrate Judge's Report and Recommendation to which specific objections have been filed, the Court OVERRULES Plaintiff's Objections, ADOPTS

1

the Magistrate Judge's Report and Recommendation, GRANTS Defendant's Motion for Summary Judgment (ECF No. 19), DENIES Plaintiff's Motion for Summary Judgment (ECF No. 17), and AFFIRMS the findings of the Commissioner.

## I. BACKGROUND

Plaintiff, 48-years-old as of August 20, 2013, filed an application for Disability Insurance Benefits on October 7, 2013, alleging disability beginning on August 20, 2013. (ECF No. 12, Administrative Record ("Tr.") at 15, 22, 42.) Plaintiff exacerbated a long-standing knee issue when he twisted his knee and pulled a muscle in his back while working in North Carolina, leading to an increase in psychological issues as well as his physical impairments. (Tr. 22-23.) Plaintiff's claim was denied on February 26, 2014, and Plaintiff requested a hearing, which was held on May 6, 2015, before Administrative Law Judge ("ALJ") Patricia S. McKay. (Tr. 35-92.) On June 22, 2015, ALJ McKay issued her written decision finding the Plaintiff not disabled within the meaning of the Social Security Act. (Tr. 15-30.) The Appeals Council denied Plaintiff's request for review on September 9, 2016 (Tr. 1-3) and Plaintiff timely appealed to this Court on November 13, 2016. Magistrate Judge Anthony P. Patti issued his R&R on February 6, 2018, which is now before this Court on Plaintiff's Objections.

The ALJ determined that Plaintiff has the following severe impairments: degenerative joint disease of the left knee, torn ACL, torn meniscus, and tendonosis; degenerative disc disease of the lumbar spine; tinnitus and bilateral sensorineural hearing loss; alcohol dependence in early remission; generalized anxiety disorder; anxiety disorder; depressive

2

disorder; and post-traumatic stress disorder. (Tr. 17.) The ALJ also found that the record suggests Plaintiff suffers from a number of non-severe impairments, including obstructive sleep apnea, hypertension, gastroesophageal reflux disease, and obesity. (Tr. 18.) The ALJ concluded that, despite his impairments, Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b), except that Plaintiff would need the opportunity to alternate between sitting and standing while working, could occasionally crouch, crawl, kneel, stoop, bend, and climb stairs, must avoid climbing ladders, ropes, and scaffolds, as well as workplace hazards, such as moving machinery and unprotected heights, and be limited to work that is simple, routine, and repetitive, that is low-stress and that is self-paced rather than production-paced. (Tr. 21.) The ALJ determined, after examining the vocational expert ("VE"), that there were a number of jobs in the national economy that Plaintiff could perform and that he was not, therefore, disabled as that term is defined in the Social Security Act. (Tr. 29-30.)

## II. STANDARDS OF REVIEW

### A. *De Novo* Review of Objections Under 28 U.S.C. § 636(b)(1)

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objection" in a timely manner. *Lyons v. Comm'r Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Only those objections that are specific

are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (quotation marks and citation omitted). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). "'[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R.'" *Arroyo v. Comm'r of Soc. Sec.*, No. 14-cv-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016) (quoting *Depweg v. Comm'r of Soc. Sec.*, No. 14-11705, 2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) (citing *Howard v. Secretary of Health & Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)).

### B. The Substantial Evidence Standard

In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are "supported by substantial evidence" and made "pursuant to proper legal standards." *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing 42 U.S.C. § 405(h) and *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)); *see*

4

*also McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (recognizing that substantial evidence is "more than a scintilla of evidence but less than a preponderance") (internal quotation marks omitted). "If the Commissioner's decision is supported by substantial evidence, [the court] must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)).

As to whether proper legal criteria were followed, a decision of the SSA supported by substantial evidence will not be upheld "where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

"This Court does not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip*, 25 F.3d at 286. "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247. *See also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (noting that the "ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility'") (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)).

"Judicial review of the Secretary's findings must be based on the record as a whole." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001)). Therefore, "[b]oth the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the [ALJ]." *Id.* (citing *Walker v. Sec'y of Health and Human Services*, 884 F.2d 241, 245 (6th Cir. 1989)). *See also Conley v. Comm'r of Soc. Sec.*, No. 13-cv-13072, 2015 WL 404229, at *10 (E.D. Mich. Jan. 29, 2015) ("The court must examine the administrative record as a whole, and may look to any evidence in the record, regardless of whether it has been cited by the ALJ.").

"[A]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party. Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) (quoting *Loral Defense Systems-Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999)).

### III. ANALYSIS

#### A. Objection Number One: The ALJ's Credibility Determination

Plaintiff appears to complain that the ALJ (not the Magistrate Judge) did not give sufficient credence to Plaintiff's complaints regarding the "side effects of prescribed medication" and his "need to lay down during the day." The Magistrate Judge devoted seven pages of his Report and Recommendation to a detailed discussion of his reasons for finding that the ALJ's credibility determination was supported by substantial evidence. (R&R 7-14,

PgID1137-44.) Plaintiff's two-paragraph "general objection," which very perfunctorily disagrees with the ALJ's credibility determination and fails to point to any specific error committed by the Magistrate Judge, indeed fails even to mention Magistrate Judge Patti or his reasoning and conclusions, does not merit *de novo* review. Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira*, 806 F.2d at 637. "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (quotation marks and citation omitted). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich*, 327 F. Supp. 2d at 747. Plaintiff's Objection does not even the mention the Magistrate Judge's Report and Recommendation, and surely does not "alert the court" to any alleged error on the part of the Magistrate Judge.

That being said, the Court concludes that the Magistrate Judge correctly deferred to the credibility determination of the ALJ, which found that the Plaintiff's subjective reporting of his symptoms was not entirely consistent with the record medical evidence. The Magistrate Judge cogently explained why he found that credibility determination was supported by substantial evidence. "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247. The Magistrate Judge expressly noted the Plaintiff's suggestion that the ALJ did not adequately take into consideration medication side effects and rejected that suggestion: "Contrary to Plaintiff's unsupported assertion regarding medication side effects, the ALJ

7

acknowledged that Plaintiff testified at the hearing that his medication causes him to lack motivation (R. At 22, 64-65, 74), but noted that Plaintiff did not take any pain medication for his back (R. At 23, 28, 358, 473), and that he 'responded well to the prescribed anti-depressant and anti-anxiety medication with no reported side effects' in August 2013. (R. At 25, 367.)" (R&R 11, PgID 1141.) Plaintiff points to no record evidence to contradict this reasoning, and indeed does not even acknowledge this aspect of the Magistrate Judge's R&R in his Objections.

Likewise, the Magistrate Judge correctly observed that the ALJ *did* consider Plaintiff's daily activities, noting that Plaintiff is able to bathe, dress, shave, prepare meals with some reminding, perform household chores, manage his finances, watch television, play cards and board games and video games, navigate the Internet, drive a car, shop for food, and go to doctor's appointments. (Tr. 20-21, 219-26.) The ALJ was not required to discuss every piece of evidence that influenced her credibility determination. "[A]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party. Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Kornecky*, 167 F. App'x at 508. Also, as the Magistrate Judge noted, Plaintiff makes no attempt to explain how further discussion of these daily activities would have affected the ALJ's credibility analysis. (R&R 11, PgID 1141.)

Plaintiff's First Objection is OVERRULED.

**B. Objection Number Two: The ALJ's RFC Determination**

As with the first objection, Plaintiff completely fails to "alert the court" to any error committed by the Magistrate Judge and fails to explain how correction of some alleged error would result in a different outcome. "'[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R.'" *Arroyo*, 2016 WL 424939, at *3. Again, Plaintiff does not even mention the Magistrate Judge's reasoning or conclusions, and surely does not offer an explanation for how the Magistrate Judge erred or how this Court could reach a different conclusion by correcting that unidentified error. Such generalized disagreement is not a valid objection and does not merit review by this Court.

That being said, the Plaintiff's objection that the ALJ did not incorporate certain more severe restrictions and limitations into her hypothetical to the VE must fail because the ALJ incorporated those restrictions that she found were credibly supported by the record, and she explained her basis for rejecting more severe limitations, relying on substantial record evidence. As the Magistrate Judge noted, Sixth Circuit case law "does not support a rule that a hypothetical providing for simple, unskilled work is per se deficient to convey moderate limitations in concentration, persistence, and pace." (R&R 23) (citation omitted). Here the ALJ limited Plaintiff to "simple, routine and repetitive work," and also limited him to work that is considered "low stress" and "self-paced." (Tr. 21.) Plaintiff fails to explain to this Court, or to cite to any supporting medical record evidence, that would demonstrate how the

9

Magistrate Judge erred in finding that the ALJ's limitations adequately accounted for all of Plaintiff's credibly supported impairments.

No more was required of the ALJ here. "'It is well established that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact.'" *Spicer v. Comm'r of Soc. Sec.*, 651 F. App'x 491, 494 (6th Cir. 2016) (quoting *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)). Plaintiff argues in extreme generality that more severe restrictions, that were "clearly a bar to full time employment," should have been included in the limitations provided to the vocational expert. (Objs. 4, PgID 1159.) The Magistrate Judge thoroughly discussed how the ALJ adequately explained her consideration of Plaintiff's subjective complaints and claimed limitations and how those complaints and limitations were inconsistent with and not supported by the medical evidence of record, including "relatively mild diagnostic findings and objective reports." (R&R 17, citing Tr. 28.) Plaintiff makes no effort to explain to the Court how the Magistrate Judge erred in his analysis and fails to direct the Court to other medical evidence of record that would suggest that a different conclusion should have been reached.

Plaintiff's Second Objection is OVERRULED.

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED that:

1) Plaintiff's Objections (ECF No. 22) are OVERRULED;

2) Magistrate Judge Patti's February 6, 2018 Report and Recommendation (ECF No.

21) is ADOPTED;

3) Plaintiff's Motion for Summary Judgment (ECF No. 17) is DENIED;

4) Defendant's Motion for Summary Judgment (ECF No. 19) is GRANTED; and

5) The Findings of the Commissioner are AFFIRMED.

IT IS SO ORDERED.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: September 25, 2018

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 25, 2018.

s/Deborah Tofil  
Case Manager